IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 28, 2018

**RASHAN LATEEF JORDAN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**Nos. 110854, 112104          Bobby R. McGee, Judge**

_____

**No. E2018-00195-CCA-R3-HC**
_____

Petitioner, Rashan Lateef Jordan, appeals from the dismissal of his petition for writ of habeas corpus relief. He contends that the trial court's failure to inform him of the "direct and punitive consequences" of his accepting a guilty plea requiring community supervision for life renders his guilty plea void and that habeas corpus relief should have been granted. Upon consideration of the record and the applicable authorities, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and TIMOTHY L. EASTER, JJ., joined.

Leslie M. Jeffress, Knoxville, Tennessee, for the appellant, Rashan Lateef Jordan.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Charme P. Allen, District Attorney General; and Ta Kisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Procedural history*

On September 16, 2004, Petitioner entered guilty pleas in several cases, including case number 68683, in which Petitioner pleaded guilty to attempted aggravated sexual battery, a Class C felony. The transcript of the guilty plea hearing reflects that the prosecutor informed the trial court, "[t]he lead case will be 68683. He'll be pleading guilty in this case to the lesser included offense of attempted aggravated sexual battery, a Class C felony, with the possible range of punishment of three to six years." The

prosecutor further stated that Petitioner would receive a sentence of four years for his conviction for that offense.  In summarizing the offenses, the trial court stated that Petitioner was pleading guilty to the offense of "attempted sexual battery, that carries a range of punishment not less than eight years, no more than 12" and that Petitioner would receive a sentence of four years.  In its brief on appeal, the State acknowledges that the trial court "misstated the conviction offense" at the guilty plea hearing.  The plea agreement form states that in case number 68683, Petitioner was charged with aggravated sexual battery, and that he agreed to plead guilty to "attempt class C 4 years[.]"

The judgment of conviction form shows that Petitioner was indicted for aggravated sexual battery, a Class B felony, and was convicted of attempted aggravated sexual battery, a Class C felony.  The judgment reflects that Petitioner was sentenced to three years to be suspended to enhanced probation and that Petitioner's sentence included community supervision for life following his sentence expiration pursuant to Tennessee Code Annotated section 39-13-524.

On June 22, 2017, Petitioner filed a *pro se* petition for writ of habeas corpus.  Petitioner asserted that the judgment of conviction was "change[d] illegally" from attempted sexual battery with a four-year suspended sentence to attempted aggravated sexual battery with a three-year sentence.  Petitioner argued that he was not informed by his trial counsel or the trial court that he would be required to remain on community supervision for life.  The State filed a motion to dismiss the petition, contending that Petitioner failed to comply with the procedural requirements of the habeas corpus statutes and failed to state a cognizable claim for habeas corpus relief.

Petitioner was appointed counsel, and counsel filed a second petition for writ of habeas corpus and attached a transcript of the plea hearing, the plea agreement form, and the judgment form.  Counsel for Petitioner subsequently filed an addendum to the petition, asserting that the plea colloquy supports Petitioner's assertion that he believed he was pleading guilty to attempted sexual battery, which does not require community supervision for life.

A hearing was held at which no evidence was presented, and the habeas corpus court heard arguments from both parties.  The court stated, "there's no relief available.  He's – he is subject to the requirements of the supervision for life law.  And there's no relief available under the writ of habeas corpus for that."  The habeas corpus court dismissed the petition by written order, and Petitioner now appeals.

*Analysis*

Petitioner contends that that because the trial court's failure to inform him that his sentence included community supervision for life, his plea was not knowingly and voluntarily entered and the judgment is therefore void. The State responds that the habeas court properly dismissed the petition because Petitioner failed to show any illegality on the face of the judgment. Further, the State responds that any argument that Petitioner was inadequately advised regarding the community supervision for life requirement is not cognizable in a habeas corpus proceeding. We agree with the State.

The determination of whether to grant habeas corpus relief is a question of law, and our review is de novo. *Summers v. State*, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the "grounds upon which habeas corpus relief may be granted are very narrow." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. *See State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 189 (Tenn. 1993).

The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex. rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers*, 212 S.W.3d at 256. On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor*, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005). A habeas corpus court may summarily dismiss a petition without the appointment of counsel or an evidentiary hearing when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *see* T.C.A. § 29-21-109; *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Tennessee Code Annotated section 39-13-524 requires a defendant convicted of certain offenses enumerated therein to receive lifetime community supervision in addition to the sentence imposed for such offenses. Our supreme court held in *Ward v. State*, 315 S.W.3d 461 (Tenn. 2010), "[b]ecause the lifetime supervision requirement of Tennessee Code Annotated section 39-13-524 'imposes an additional set of restrictions and requirements on the offender after serving his or her entire sentence of incarceration,'

and, therefore, is a direct consequence of a guilty plea, a defendant must be informed of it prior to entering a valid guilty plea to the crimes listed in the statute." *State v. Nagele*, 353 S.W.3d 112, 119 (Tenn. 2011) (quoting *Ward*, 315 S.W.3d at 476).

Petitioner argues that *Ward* required the trial court to inform him of the "direct and punitive consequences" of his plea prior to accepting it and that the trial court's failure to do so resulted in a "void judgment." We disagree. In *Ward*, the defendant sought post-conviction relief on the grounds that his plea was not made knowingly, intentionally, and voluntarily because the trial court failed to inform him that his conviction resulted in a mandatory sentence of community supervision for life. *Ward*, 315 S.W.3d at 464. Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). The voluntariness of Petitioner's plea would require proof beyond the face of the judgment and would be properly determined in a post-conviction proceeding and is therefore not a cognizable basis for habeas corpus relief. *See Archer*, 851 S.W.2d at 165. Moreover, our supreme court determined in *Bush v. State*, 428 S.W.3d 1, 5-6 (Tenn. 2014), that its holding in *Ward* does not require retroactive application. In that case, the post-conviction petitioner was not entitled to tolling of the post-conviction statute of limitations under Tennessee Code Annotated section 40-30-102(b)(1) or under the due process clause. *Id*.

Petitioner has failed to show that his judgment is void, as required for habeas corpus relief.

CONCLUSION

Based upon the foregoing, we affirm the judgment of the habeas corpus court dismissing the petition.

_____
THOMAS T. WOODALL, JUDGE

- 4 -